IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2018 MAR 16 PM 2:27
CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF OHIO
CLEVELAND

CHUCK PETTI
34099 Melinz Pkwy, Unit E
Eastlake, OH  44095

: 1:18 CV 00615

: CASE NO.

    Plaintiff,

: JUDGE

-vs-

: **COMPLAINT**
Jury Demand Endorsed Herein

CAMERON DALEY FRAKER
400 Woodland Point
Linn Creek, MO  65052

: JUDGE POLSTER
MAG. JUDGE BAUGHMAN

    Defendant.

Plaintiff Chuck Petti ("Petti" or "Plaintiff") brings this action against Cameron Daley Fraker ("FRAKER" or "DEFENDANT"). Plaintiff alleges based upon personal knowledge and as to his own acts, upon information and belief as to other matters that follow. In support thereof, Plaintiff states:

### JURISDICTION AND VENUE

1) Plaintiff brings claims for violation of federal laws where the amount in controversy exceeds $100,000 dollars. Plaintiff seeks damages, including a trebled award as allowed, and injunctive relief.

2) This Court has federal question subject matter jurisdiction over the conduct complained of herein under 28 U.S.C. subsection 1331. Declaratory relief is available pursuant to 28 U.S.C. subsection 2201.

3) This Court has personal jurisdiction over the Defendant because Defendant personally availed himself to the privilege of conducting business in the State of Ohio. This Court also has personal jurisdiction over the Defendant pursuant to 18 U.S.C. subsection 1965(d) which provides for nationwide service of process.

4) Venue is proper in this Court pursuant to 28 U.S.C. subsection 1391 because many of the events, acts and transgressions giving rise to this action occurred in this District, and because the Defendant:

   a. Has intentionally availed himself to the laws and markets within the District through marketing, distribution, and sales through this District;

   b. Does substantial business in this District and is subject to personal jurisdiction in this District.

## STATEMENT OF CASE

5) The Plaintiff, Chuck Petti, is the Director of Sales for US Lighting Group (USLG) and its co-subsidiary Intellitronix Corporation. US Lighting Group is a provider of high-end LED lighting products originating in Northeast Ohio. Plaintiff is a resident of the State of Ohio.

6) The Defendant, Cameron Daley Fracker, is a distributor of the US Lighting Group products originating in Linn Creek, Missouri. The Defendant is a resident of the State of Missouri.

7) This is an action for damages arising from the Defendant's publication on a website containing false, injurious, and defamatory statements about the Plaintiff in relation to business practices.

8) Based upon personal knowledge the Defendant applied for a distributorship with the US Lighting Group and placed a down payment on his order.

9) Based upon personal knowledge Plaintiff's employment with the US Lighting Group did not commence until approximately one year after the Defendant applied for a distributorship with the Lighting Group.

10) On or about January 22, 2018, the Defendant posted on a controversial website (The Rip-off Report) that permits individuals to post negative reviews online.

11) Based upon information and belief, this has led the site to become ground-zero for revenge-obsessed, spiteful individuals attempting to destroy reputations of good people and companies.

12) Through Defendant's publication on this website, the Defendant has instigated a campaign of disparaging Plaintiff and injuring Plaintiff's reputation and goodwill in the Northeast Ohio area.

13) The website contains false and malicious statements attributing conduct and characteristics to Plaintiff that are contrary to his customary and lawful business practices.

14) The Defendant made false and malicious statements on the website:
   a. knowing they were false or with reckless disregard for the truth;
   b. without reasonable grounds for the Defendant to believe they were true;
   c. with grave intent to injure and defame Plaintiff.

15) As of January 22, 2018, these false, malicious and slanderous statements were communicated to well-over several million, third party, search engine users according to

3

the Website's user activity counter as the site claims that it is capable of connecting its reviewers with major media outlets around the world.

16) The Defendant's false and malicious statements, when considered alone and without innuendo, have: a) negatively impacted Plaintiff's trustworthiness and character; b) caused Plaintiff to be subject to distrust, ridicule, contempt and disgrace; and c) injured Plaintiff's reputation and goodwill in Northeast Ohio and his national sales area.

17) As a result of the Defendant's actions, the Plaintiff has suffered damages for which the Defendant should compensate Plaintiff.

18) Plaintiff has performed all conditions precedent to bringing this action.

## COUNT I
## SLANDER PER SE

19) Plaintiff incorporates by reference all allegations included in paragraphs 1 through 18 as if fully rewritten.

Defendant, through a controversial website, has made statements about Plaintiff which are false.

20) Defendant, through this website, published and/or communicated to third parties these falsehoods.

21) Defendant knew such false statement would likely result in material and substantial defamation of plaintiff and his business practices.

22) Defendant's false statements imputes to others conduct, characteristics, and/or conditions incompatible with the with the proper exercise of Plaintiff's lawful trade, business and/or profession.

4

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23) Plaintiff incorporates by reference allegations included in paragraphs 1 through 22 as if fully rewritten.

24) The Defendant caused the negative falsehoods to be published on the internet with reckless disregard to the probability that doing so would cause emotional distress to Plaintiff.

25) The emotional distress suffered by the Chuck Petti was serious or severe.

26) Plaintiff was injured by the actions of the Defendant, as demonstrated below.

## COUNT III
## PUNATIVE DAMAGES

27) Plaintiff incorporates by reference allegations included in paragraphs 1 through 26 as if fully rewritten.

28) The actions of the Defendant were wanton, reckless and willful.

29) The Defendants public attack on such a damaging website with reckless disregard as to whether the statement contained on the controversial website were false or not.

30) As specified below, the actions of the Defendant has caused injury to Plaintiff Chuck Petti suffers from emotional and mental trauma underscoring constant worry and debilitation forcing the Plaintiff to absent himself from his work environment.

## DAMAGES

31) As a direct and proximate result of the actions of the Defendant as detailed above, Chuck Petti, has been impeded in his employment and forced to miss work.

32) As a direct and proximate result of the actions of the Defendant, as detailed above, Chuck Petti has suffered by the impact of the Defendant's negative statements against him as claimed in his employment performance and ability to function in all aspects of his work.

33) As a direct and proximate result of the actions of the Defendant as detailed above, Chuck Petti has been suffering bouts of anxiety and fearful of failures attributed to the Defendant's

WHEREFORE, Plaintiff Chuck Petti prays:

1. The Court enter judgment in his favor on all counts of this Complaint;
2. The Court award him damages in the amount of $100,000.00;
3. That this Court further award him treble and punitive damages; and
4. This Court award him any and all other relief to which he may appear entitled.

Respectfully submitted,

_____
CHUCK PETTI
34099 Melinz Pkwy, Unit E
Eastlake, OH   44095
Ph. (216) 896-7000
Email cpetti@uslightinggroup.com