IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHUCK PETTI, | ) | CASE NO. 1:18 CV 615 |
| | ) | (Consolidated Case) |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| CAMERON DALEY FRAKER, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

| | | |
|---|---|---|
| PAUL SPIVAK, | ) | CASE NO. 1:19 CV 87 |
| | ) | (Consolidated Case) |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| CAMERON D. FRAKER, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

| | | |
|---|---|---|
| INTELLITRONIX CORPORATION, | ) | CASE NO. 1:19 CV 966 |
| | ) | (Consolidated Case) |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| CAMERON DALEY FRAKER, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

# I.

Two years ago almost to the date, a short online post appeared on a website called Ripoff Report.[1]  The report heralds itself as being "by consumers, for consumers" with the masthead subtitle: "Don't let them get away with it!® Let the truth be known!™"  Gripe sites like Ripoff Report let people vent about a wide assortment of things.

Echoing the second sentence in that subtitle, plaintiffs Chuck Petti, Paul Spivak, and Intellitronix Corporation decided to wage battle against this short post first in state court and then in federal court.  Petti wages this battle without counsel.  Not so with Spivak and Intellitronix, who ask me to find that answers given by their opponent to certain requests for admissions are improper.[2]  They also feel their years-long battle cannot be adequately described in the page limits our local rules deem appropriate for summary judgment motions.[3]

Echoing the first sentence in that subtitle, defendant Cameron Daley Fraker asks me to conduct an emergency hearing to stop Spivak and Intellitronix's lead lawyer, Aaron M. Minc, from allegedly engaging in witness intimidation, harassment, and coercion.[4]  So urgent is his request that he filed only two days after his original motion a supplemental brief to share more evidence of Minc's alleged misconduct.[5]

---

[1] https://www.ripoffreport.com
[2] ECF #55 and 56 (ECF numbers are from the lead case docket unless otherwise noted).
[3] ECF #60.
[4] ECF #63.
[5] ECF #64.

The record contains no opposition to these pending motions.  Nevertheless, I deny them.  Fraker's answers to the requests for admissions are not so "illogical, improper, evasive, and contradictory"[6] as to violate Fed. R. Civ. P. 36.  Spivak and Intellitronix also have not persuaded me that they need more than 20 pages to tell their side of the story.

Fraker has not persuaded me that I should be involved in addressing opposing counsel's contacts with one of Fraker's declarants.  My decision to stay out of the parties' tussle at this time, however, is in no way meant to discourage Fraker from pursuing other avenues to address lawyer misconduct.

The District Court consolidated the parties' lawsuits.  The parties in turn consented to my jurisdiction.[7]  Accordingly, I deny the motions outlined above.

## II.

***Spivak and Intellitronix's motion to deem improper Fraker's responses to certain requests for admissions.***  Little needs to be said about Spivak and Intellitronix's motion challenging Fraker's written responses to their requests for admissions.  Fed. R. Civ. P. 36(a)(6) authorizes me "to order that an answer be served."  Fraker answered the requests, so that is not the problem.  Spivak and Intellitronix's beef lies in the kinds of answers Fraker gave.  If I find that the answers do not comply with the rule's requirements, Rule 36(a)(6) authorizes me to order that a matter be admitted or to order that the recalcitrant party serve an amended answer.

---

[6] ECF #56-1, at 6.

[7] Non-document entries of 4/24/19 and 4/29/19 (Case No. 1:18CV615); ECF #25 (Case No. 1:19CV87); ECF #10 (Case No. 1:19CV966).

Spivak and Intellitronix compare Fraker's deposition answers of March 26, 2019 with his written answers of September 19, 2019 to their requests for admissions. Many of their requests ask Fraker to authenticate documents he was apparently shown during his deposition. Fraker may or may not have contradicted himself in one of those two instances. The lapse of a half a year between each may have caused that. So, too, perhaps the way Spivak and Intellitronix worded their requests or the way their lawyer worded the questions at the deposition. That they waited four months to challenge Fraker's answers speaks perhaps to the strength of Spivak and Intellitronix's conviction in their own arguments.

Regardless, the things Spivak and Intellitronix complain of—illogical, evasive, or contradictory answers—are the very stuff of effective impeachment. Spivak and Intellitronix's lawyers no doubt look forward to exercising the wide latitude Article VI of the Federal Rules of Evidence gives for impeachment. Fraker's lawyers signed off on their client's responses, and they know what their client's deposition contains. Should there be some grist for the impeachment mill when a close comparison is made between responses made in writing and responses made orally, so be it. I leave all of that to the lawyers' advocacy skills as I must. That such an opportunity for impeachment may arise, though, does not make Fraker's responses to the requests for admissions improper under Rule 36.

***Spivak and Intellitronix's motion for leave to exceed page limit.*** Similarly, little needs to be said about Spivak and Intellitronix's request to exceed the 20-page limit on

their motions for summary judgment.  That limit is set by our local rules, which also give me the authority to expand that limit "for good cause shown."[8]

A 174-word online post was the genesis of this litigation.  A version appearing several days later that, according to the website, included a "[c]orrection for [c]larity" is 188 words long.  Spivak and Intellitronix's lawyers think they need 24 pages with 13 separate headings just to lay out the facts of their story.[9]

History teaches us important lessons about writing.  "I have only made this letter longer, because I did not have the opportunity to make it shorter."[10]  So, too, do more contemporary observers.

> First, keep your eye on the ball….
> Second, be brief.  We have said it before, and (contrary to what you must do in your Argument) we will say it again: a brief that is verbose and repetitious will only be skimmed; a brief that is terse and to the point will likely be read with full attention.  So a long and flabby brief, far from getting a judge to spend more time with your case, will probably have just the opposite effect.
> Ponder this: Judges often associate the brevity of the brief with the quality of the lawyer.  Many judges we've spoken with say that good lawyers often come in far below the page limits—and that bad lawyers almost never do.[11]

---

[8] LR 7.1(f).

[9] ECF #61.

[10] B. PASCAL, LETTRES PROVINCIALES, Letter 16 (1657).  Mark Twain translated this wisdom in a more colloquial way.  "I would have written a short letter, but I did not have the time." *AZ Quotes.com*,  https://www.azquotes.com/quote/519236 (last visited Jan. 17, 2020).

[11] A. SCALIA & B. GARNER, MAKING YOUR CASE: THE ART OF PERSUADING JUDGES, at p.98 (2008).

Enough said, with some additional cautions worth heeding from very well-respected past[12] and present[13] colleagues on this bench.

      ***Fraker's motion for an emergency hearing.***  According to Fraker, Spivak and Intellitronix's lead lawyer, Aaron M. Minc, has engaged in "unprofessional misconduct" that Fraker believes "must stop immediately."[14]  Fraker argues that two text messages and a voicemail Minc sent to Jason Atkinson, a declarant whose statement is Exhibit C to Fraker's motion for summary judgment, "serve no other purpose than to intimidate and coerce Atkinson to change his testimony."[15]

      Fraker is correct that a lawyer who intimidates or coerces a witness could well violate the Ohio Rules of Professional Conduct.[16]  That type of misconduct could also violate federal law.[17]  According to the attachment to Fraker's supplemental brief, in the last paragraph of his text message to Atkinson, Minc says the following:

> I'm not actually going to ask you to change one word of what you said in your declaration.  You've left key facts though out and testimony that I know are truthful and I'd like you to simply add on to make it fair and accurate [sic][18]

---

[12] *In re Scrap Metal Antitrust Litig.*, slip op., No. 1:02CV0844, 2006 WL 2850453, at *4, n.12 (N.D. Ohio Sept. 30, 2006).

[13] *Vita-Mix Corp. v. Basic Holdings, Inc.*, slip op., No 1:06CV2622, 2008 WL 11383515, at *3 (N.D. Ohio July 2, 2008), *aff'd in part, vacated in part*, 581 F.3d 1317 (Fed. Cir. 2009).

[14] ECF #64, at 2.

[15] *Id.* at 3.

[16] http://www.sconet.state.oh.us/LegalResources/Rules/ProfConduct/profConductRules.pdf.

[17] *See, e.g.,* 18 U.S.C. § 1621 (perjury); 18 U.S.C. § 1622 (subornation of perjury); and 18 U.S.C. § 1623 (false declarations before grand jury or court).

[18] ECF #64, Exh. A, at 2.

If this is Minc's true aim, then he has at least three different avenues that would not give rise to an allegation that he has violated the Ohio Rules of Professional Conduct: 1) he can attach as an exhibit to his own summary judgment motion an affidavit from the person who has personal knowledge of the key facts allegedly missing from Atkinson's declaration;[19] 2) he can seek leave to depose Atkinson; or 3) he can impeach Atkinson at trial if these consolidated cases reach that stage.

No emergency hearing is needed, because the power to deal with violations of the Ohio Rules of Professional Conduct resides not with me but with the state's disciplinary authority whom the rules empower "to investigate or act upon such a violation."[20]  The Supreme Court of Ohio has established the Office of Disciplinary Counsel for this purpose, and has posted on its website the procedure for reporting lawyer misconduct.[21]  Counsel are reminded of their obligation to report any misconduct by their fellow members of the bar.

> A lawyer who possesses unprivileged knowledge of a violation of the Ohio Rules of Professional Conduct that raises a question as to any lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects*, shall inform a disciplinary authority* empowered to investigate or act upon such a violation.[22]

Lest there be any doubt, I will not hesitate to refer to our United States Attorney any lawyer or witness in this or any other proceeding before me who insists that the appropriate

---

[19] Fed. R. Civ. P. 56 (c)(4).
[20] Prof. Cond. Rule 8.3(a).
[21] http://www.sconet.state.oh.us/DisciplinarySys/odc/default.asp.
[22] Prof. Cond. Rule 8.3(a) (emphasis added).

way to practice law or to testify in my courtroom includes violating federal criminal statutes.

**III.**

For the foregoing reasons, it is hereby

ORDERED that Spivak and Intellitronix's motion to deem improper responses as admissions pursuant to Fed. R. Civ. P. 36 (**ECF #55 and #56**, Case No. 1:18CV615; **ECF #65 and #66**, Case No. 1:19CV87; **ECF #14 and #15**, Case No. 1:19CV966) is denied;

FURTHER ORDERED that Spivak and Intellitronix's motion for leave to exceed page limitations (**ECF #60**, Case No. 1:18CV615; **ECF #71**, Case No. 1:19CV87; **ECF #20**, Case No. 1:19CV966) is denied;

FURTHER ORDERED that Fraker's motion for an emergency hearing (**ECF #63**, Case No. 1:18CV615; **ECF #77**, Case No. 1:19CV87; **ECF #23**, Case No. 1:19CV966) is denied;

FURTHER ORDERED that the Clerk of Court must remove from the record in these consolidated cases motions for summary judgment Spivak and Intellitronix previously filed that exceed the page limit (**ECF #61**, Case No. 1:18CV615; **ECF #73, #74, and #75**, Case No. 1:19CV87; **ECF #21**, Case No. 1:19CV966); and

FURTHER ORDERED that Spivak and Intellitronix must file and serve by **Friday, January 24, 2020** any motions for summary judgment in compliance with the page limit set forth in the Local Rules, Fraker must file and serve by **Monday, February 24, 2020**

any opposition to those motions, and Spivak and Intellitronix must file by **Monday, March 9, 2020** any reply briefs in support of their motions for summary judgment.

IT IS SO ORDERED.


Dated: January 17, 2020                                    s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge